```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

| | |
|---|---|
| **WEST AMERICAN INSURANCE COMPANY,** as Subrogee of Chuck's Southern Comforts Café, Inc., | |
| Plaintiff, | No. 06 C 1239 |
| **HARTFORD CASUALTY INSURANCE CO.,** as Subrogee of Syed Shareef, | |
| Intervening Plaintiff, | |
| v. | |
| **TRENT ROOFING AND CONSTRUCTION, RAY ELLER, AND A-NARCO ROOFING CO., INC.,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff West American Insurance Co. ("West American"), as subrogee of Chuck's Southern Comforts Café, Inc. ("the Café"), brought this negligence action against defendants Trent Roofing and Construction ("Trent Roofing"), Ray Eller ("Eller"), and A-Narco Roofing Co., Inc. ("A-Narco") for damages resulting from a fire. Intervening plaintiff Hartford Casualty Insurance Co. ("Hartford") intervened on behalf of Syed Shareef ("Shareef"). Presently before me is defendant Trent Roofing's motion for summary judgment. For the following reasons, the motion is granted.

                              I.

Plaintiff West American is an Indiana corporation with its principal place of business in Ohio and is the subrogee of the

Café, which was located in Burbank, Illinois. Intervening plaintiff Hartford is the subrogee of Shareef, who owns the building located at 5541-5557 West 79th Street, Burbank, Illinois. That property is a commercial building which contained a small grocery and convenience store, a T-Mobile sales outlet, and the Café. At the time the incident occurred, Shareef held a valid property lease for the property known as 5557 West 79th Street with the Café as the Lessee.

Shareef and Eller have known each other approximately since 2002. At some point before 2005, Shareef noticed there were leaks on the property and Eller offered to give Shareef an estimate for roofing work to repair the leaks. Eller submitted a proposal for the repair on A-Narco documents. The total proposed cost of the work was $3,655 with one half paid in advance as a deposit and the other half to be paid upon completion. A-Narco's name was listed as the contractor performing the work on the proposal.

After Shareef and Eller signed the proposal, Eller contacted one Joseph Covelli ("Covelli"), associated with A-Narco, about obtaining the necessary permits. On August 26, 2005, Covelli submitted a document titled "Regulatory Fee And/Or Registration Provisions" to the City of Burbank Building Department. On this document, Trent Roofing is named as the submitting contractor and described as the roofing contractor. Defendant Trent Roofing is a licensed Illinois roofing contractor owned by John Trent ("Trent"). Covelli submitted his personal information in response to the

request for permit applicant's name, address, and phone telephone number. Covelli also submitted a surety bond obtained by Trent from Pekin Insurance Company for a different property. On that same date, Covelli also submitted an application for a "Miscellaneous Building Permit" with the City of Burbank Building Department for the Shareef roofing job. Covelli's own signature appears as that of the contractor. Trent Roofing's license number does not appear on this application. The City of Burbank subsequently issued the requested permits.

As part of the Shareef roofing project, seams of the rubberized roof had to be sealed with a blow-torch. The torching was done by Eller. A fire resulted on the property when certain combustibles ignited. Plaintiff alleges all defendants were negligent in the performance of the roofing project (count I) and that Trent Roofing was also negligent in its hiring and supervision of its employees, agents, servants, and/or subcontractors by virtue of the permit, in its name, for the roofing job at issue (count II).

II.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 787 (7th Cir. 2007); FED. R. CIV. P. 56©. I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor

of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

III.

Trent Roofing moves for summary judgment on the ground that it did not owe plaintiffs a duty of care. "[T]he essential elements of a cause of action based on common-law negligence are the existence of a duty owed by the defendant to the plaintiff, the breach of that duty, and the injury proximately caused by that breach." *Pestka v. Town of Fort Sheridan Co.*, L.L.C., 371 Ill. App. 3d 286, 299, 862 N.E.2d 1044, 853 (Ill. App. Ct. 2007). Trent Roofing's name does not appear on the written contract between Shareef and A-Narco, and plaintiffs have not set forth evidence of any other written agreement between any of the parties; therefore, any duty of care owed, based on an agreement, by Trent Roofing must arise from a oral contract. The evidence submitted by plaintiffs with respect to the existence of a such a contract consists of deposition testimony from Eller and a purported letter drafted by Covelli to Trent's attorney.[1]

At the outset, the purported Covelli letter cannot be considered in weighing the evidence as it is not a sworn affidavit and lacks any authentication, for plaintiffs have failed to depose Covelli. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Cichon v. Exelon Gen. Co., L.L.C.*, 401 F.3d 803, 810 n. 8 (7th Cir.

---

[1] Shareef testified he did not recall hearing the name Trent or Trent Roofing until after the fire.

2005) (citation omitted); *Howmedica Osteonics Corp. v. Tranquil Prospects, Ltd.*, 482 F. Supp. 2d 1045, 1057 (N.D. Ind. 2007) (collecting cases). Thus, only Eller's testimony remains. Eller testified at his deposition that aside from the fact that he saw Trent Roofing's name on some of the permits, his entire basis of knowledge concerning Trent Roofing's alleged agreement with Covelli was what Covelli told him. This is inadmissible hearsay. *See* FED. R. EVID. 801© & 802; *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Morrow v. Wal-Mart Stores, Inc.*, 152 F.3d 559, 563 (7th Cir. 1998) (internal citations omitted)). Moreover, the fact that some permits were obtained with Trent Roofing's name on them is not, alone, enough to establish the existence of an oral agreement. *See Wilson v. Wilson*, 46 F.3d 660, 666 (7th Cir. 1995) (examining elements of a contract under Illinois law). In fact, Trent Roofing disputes that Covelli had any authorization to obtain permits in its name.[2] Accordingly, plaintiffs have failed to establish a triable issue exists as to whether Trent Roofing had a duty of care arising from a contractual relationship.

Plaintiffs also argue that Trent Roofing owed a duty of care based on a number of statutes and regulations. Among them plaintiffs generally identify the Illinois Roofing Industry Act,

---

[2]The purported Covelli letter is also the only evidence submitted to contradict Trent's testimony that Covelli improperly and without authorization obtained the permits in the name of Trent Roofing and that Covelli told Trent to obtain a bond on a particular property in order to show a prospective client that Trent Roofing was a bonded contractor in the area.

Occupational Safety and Health Administration ("OSHA"), and the City of Burbank's building and fire code. None of these provide plaintiffs with a private right of action or impose a duty of care on Trent Roofing. First, the Illinois Roofing Industry Act, 225 ILCS 335/1 *et seq.* requires licenses by the Department of Professional Regulation for roofing contractors, as defined in the statute. Its enforcement provisions only contemplate injunctive relief against unlicensed persons actually violating the Act. 225 ILCS 335/10. There is no dispute that Trent Roofing was itself licensed. Second, plaintiffs fail to identify exactly what provision of OSHA imposes a duty of care on Trent Roofing or provides them with a cause of action. This is problematic because not all provisions of OSHA provide for a private cause of action. *See Fletcher v. United Parcel Service, Local Union 705*, 155 F. Supp. 2d 954, 957 (N.D. Ill. 2001) (examining § 660(c)(1)). More significantly, based on the language of the statute, Illinois courts have found "OSHA regulations do not create a duty of care" with respect to employee injuries or death. *See, e.g.*, *Recio v. GR-MHA Corp.*, 366 Ill. App. 3d 48, 58, 851 N.E.2d 106, 116 (Ill. App. Ct. 2006). Plaintiffs do not identify any provision or argument to distinguish property damage cases. In *Recio*, the court also specifically rejected the argument that a contractor assumes a duty of care by virtue of procuring a building permit, which required all work be done in accordance with the ordinances, rules, and regulations of the city, on behalf of a subcontractor. *Id.* at

57-58, 851 N.E.2d at 115-16. Therefore, even assuming that plaintiffs could establish Trent Roofing itself obtained the permits, which they have not, the have not established the existence of a duty to plaintiffs. Finally, consistent with *Recio*, plaintiffs' references to the building and fire codes are inapposite in the absence of evidence of an agreement or any involvement by Trent Roofing in the roofing job at issue. There is no evidence suggesting Trent Roofing undertook any work of the Shareef roofing job which would create a duty of care. *See id*. at 59-60, 851 N.E.2d at 116-17. Eller was clear that Trent Roofing supplied no materials or instruction, and that Trent was never at the site. Plaintiffs' attempts to suggest otherwise are frivolous.

Nor can plaintiffs establish that Trent Roofing owed a duty of care under a theory of *respondeat superior*. There is no evidence that Eller was an employee of Trent Roofing. Both Eller and Trent testified to the contrary. Plaintiffs dispute their collective testimony on the grounds that Eller and Trent had some type of "undefined" previous working relationship on other construction jobs. However, by plaintiffs' own admission, the precise nature of this previous working relationship is unclear and, moreover, it was not contemporaneous to the Shareef job. It is not reasonable to infer that because the two individuals had arguably worked together in the past, that Eller was Trent's employee for the Shareef job. Furthermore, the fact that Eller claims he called Trent when the fire occurred in order to obtain his insurance information does not

establish an employment relationship.  Eller said he called him because Trent Roofing's name was on the permit and the insurance would be in that name as well.  Accordingly, I find there is no genuine issue of material fact as to whether Eller was Trent Roofing's employee, and therefore, whether Trent Roofing negligently hired Eller.

IV.

For the reasons stated herein, defendant Trent Roofing's motion for summary judgment is granted and its motions to strike are denied as moot.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:  March 26, 2008